1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
9                AT TACOMA

10   MICHAEL D MILAM,

11                  Plaintiff,                CASE NO. C14-5828 BHS-JRC

12          v.                                ORDER TO SHOW CAUSE

13   SHAWN NOBLE, BRENT HYER, ANDY
     HALL, JEREMY JAMES, PIERCE
14   COUNTY,

15                  Defendants.

16      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17   Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

18   Magistrate Judge Rules MJR1, MJR3 and MJR4.

19      The Court has granted plaintiff in forma pauperis status and is reviewing the complaint as

20   required by 28 U.S.C. § 1915A.  Plaintiff is an inmate currently incarcerated at the Monroe

21   Correctional Complex.  Plaintiff alleges that Lakewood police officer Shawn Noble violated his

22   right to privacy during a search and that the Pierce County prosecutor used illegally obtained

23
24

evidence in a criminal trial (Dkt. 1-1, proposed complaint). Plaintiff does not inform the Court if he was convicted of an offense or if this offense is the reason he is currently incarcerated.

The Court needs to know if plaintiff is incarcerated because of the criminal trial he mentions in his complaint. The Court needs this information to determine if the complaint can be served or if plaintiff is precluded from proceeding because his action would call into question the propriety of his conviction. If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id*. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

The Court orders plaintiff to show cause why the Court should not recommend that this action be dismissed for failure to state a claim. As part of his response plaintiff must inform the

1 Court if he was convicted as a result of the actions and facts he set forth in his complaint.

2 Plaintiff's response to this order must be filed on or before December 5, 2014, or the Court will

3 recommend that the action be dismissed.

4     Dated this 29th day of October, 2014.

_____
J. Richard Creatura
United States Magistrate Judge